Mary Kimatian<br>
vs. } Law No. 67084<br>
New England Tel. &<br>
Tel. Co.

February 18, 1927

RESCRIPT

WALSH, J. Heard on defendant's motion for a new trial after verdict for plaintiff in the sum of $8000.

The plaintiff was employed as clerk by her husband in a small grocery store at the corner of Plain and Bishop streets in Providence, on June 4, 1925, and had been so employed for about one and one-half years prior thereto. The store was about 30 x 20 feet in area and comprised a front store and a small dark back room. Just inside the threshold of the door leading to the back room was a trap door (3 feet by 4 feet) in the floor. On the wall above this trap door and in such a position that a person using it must stand on this trap door, was a wall telephone. The husband had requested prior to June 4, 1925, that defendant company move the telephone from the wall in the back room to a place near the window on the Bishop street side of the store. On the morning of June 4, 1925, the agent of defendant came to the store for the purpose of moving the telephone. The husband was there at the time of his arrival but plaintiff was not present. The husband and defendant's agent opened the trap door, defendant's agent went down into the cellar through the trap door, remained in the cellar "for a minute," defendant's agent came up through the trap door, closed it in presence of the husband and then went about his work. The husband, according to his testimony, from this point on in the travel of the case, paid no attention to what defendant's agent was doing in reference to the trap door. The husband was in the front store about 15 to 20 minutes later, engaged in drawing water from an ice cream box near the window on the Plain street side, when he saw his wife, the plaintiff, come in through the front door of the store. She was carrying an empty milk bottle in her hand. The empty milk bottles were kept in a box in this back room. The husband testified that he heard plaintiff scream, he ran to the door leading to the back room, saw that trap door was open and that his wife had fallen through

·it into the cellar. The husband further testified that he did not know about the trap door being opened a second time, that neither he nor plaintiff ever used the trap door nor the cellar underneath, that his wife never entered the cellar before the date of the accident, that she did not know of the existence of a trap there until the day of the accident.

The plaintiff testified that she was in the small store every day from the time her husband bought it about one and one-half years prior to the date of her injury; that she worked on an average seven hours a day there; that she was often alone in the store waiting on trade; that she went into the back room to hang up her clothing and to put empty milk bottles in the rack; that she never knew of the existence of the trap door in the back room until after her injury; that she had to stand or walk on the trap door every time she went into the back room; that from the time she stepped through the door leading to the back room on the day of the accident until she found herself seated in a chair in the front store after the accident, she remembers nothing.

The defendant's agent testified that he received his instructions for the removal of the telephone from plaintiff's husband; that the husband approved his idea of running the wires for the new installation in the cellar instead of along the wall of the front store; that he went down cellar to inspect the route for the new wiring underneath the store floor; that he removed the old instrument from the back room to the front of the store and bored a hole in the floor there before he went down cellar the second time; that the plaintiff's husband helped him to lift the trap door both times; that he left plaintiff's husband at or near the trap door when he went in the cellar the second time; that when he got down into cellar the second time and had walked a few feet away from the steps toward the

front of the store, a woman came sliding down the steps. This woman was the plaintiff.

We realize in the first instance that the instrumentality through which this plaintiff was injured was not furnished by defendant but was in the care, custody and control of the husband of the plaintiff. The injury then can not in any sense be attributed to any appliance which defendant company furnished. The husband had a selfish interest in this case as well as the plaintiff. If the first trip to the cellar by the employee of defendant was to investigate and lay out his work, might not the husband suppose with good reason that other trips to the cellar might and would be necessary to complete the work? The plaintiff's ignorance of the existence of the trap door seems highly improbable. If she knew of its existence she must have known of its highly dangerous possibilities.

We feel that the verdict in this case does not do substantial justice as between the parties and that the greater weight of credible testimony is with the defendant.

Motion for a new trial granted.

For Plaintiff: W. S. and E. W. Flynn.

For Defendant: Swan, Keeney & Smith.